[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE OF CONNECTICUT v. ROBER MIKE.
 DATE OF SENTENCE: 18 OCTOBER 1999 DATE OF APPLICATION: 18 OCTOBER 1999 DATE OF APPLICATION FILED: 20 OCTOBER 1999 DATE OF DECISION: 28 MAY 2002
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven.
Docket Number CR98-474917.
Michael Moscowitz, Esq. For the Petitioner.
Robert O'Brien, Esq. For the State of Connecticut.
SENTENCE AFFIRMED
BY THE DIVISION
The Petitioner plead guilty under the Alford Doctrine to Attempted Robbery Third Degree in violation of Conn. General Statute 53a-49 (a)(2) and 53a-136; to Criminal Attempt to Commit Larceny Second Degree in violation of Conn. General Statute 53a-49a (1) and 53a-123a (3); and, Assault Third Degree in violation of Conn. General Statute 53a-61. He received a total of two and a half years to serve concurrent to a violation of probation sentence of ten years to serve that he received previously. The ten year violation of probation sentence is not being reviewed in this decision.
The record shows that on October 17, 1998 at approximately 1:00 a.m., the victim was walking down Dwight Street in New Haven when the defendant approached her and said he wanted to show her something. She followed him into the parking lot on Howe Street and waited for him to return. He came back with something he said was cocaine, but was actually Styrofoam. She walked back to her bike, but he grabbed her and kicked her in the face, breaking her nose. He also bit her left hand, in which she was holding $40. When a witness approached, the defendant fled, but was identified by the witness. CT Page 8175
At the hearing counsel for the Petitioner argued that Petitioner surrendered to the police and voluntarily gave them information that led to his arrest. Counsel felt the court did not give his cooperation with the police sufficient weight and that some reduction is in order for the Petitioner.
The attorney for the state noted the fact that the Petitioner failed probation so many times the court had no reasonable alternative but to impose the maximum sentence that it did. He urged affirmance.
Looking at the Petitioner's criminal history it indicates an appalling lack of response to prior courts allowing him to be rehabilitated on probation. The sentence imposed in these matters was appropriate and proportionate pursuant to Connecticut Practice Book § 43-23 et seq.
THE SENTENCE IS AFFIRMED.
 __________________________, J. Norko
 __________________________, J. Klaczak
 __________________________, J. Miano
Norko, J., Klaczak, J. and Miano, J. participated in this decision.